Taylor *et al. v.* The City of Fort Wayne *et al.*

## TAYLOR ET AL. *v.* THE CITY OF FORT WAYNE ET AL.

TOWN.—*Incorporation of.—County Commissioners.—Annexation by City Council.*—Where a petition has been filed by the proper parties before the board of county commissioners for the incorporation of a town, and the petition conforms to the requirements of the statute, it is the duty of the commissioners to hear the proofs, and, if satisfied that the requirements of the law have been complied with, to make an order declaring that the territory embraced in the petition shall, with the assent of the qualified voters thereof, be an incorporated town, by the name specified in the petition; and after the election has been properly certified by the inspectors of the election, it is the duty of the commissioners to make an order declaring that such town has been incorporated by the name adopted. After the filing of such petition, the territory embraced therein can not be annexed to an adjoining city by a vote of the city council.

SAME.—*Jurisdiction.*—The pendency of the petition gives the county commissioners jurisdiction of the subject-matter thereof, and that jurisdiction can not be ousted by the adverse action of the city council. When there exist two tribunals possessing concurrent and complete jurisdiction of a subject-matter, the jurisdiction becomes exclusive in the one before which proceedings are first instituted.

SAME.—*Plat.—Recording.*—A plat of lots, not purporting to be the plat of a town, nor of an addition to a town or city, but simply of out-lots in a congressional section of land, is not such a plat as is recognized and entitled to record by the act touching the laying out of towns, etc., 1 G. & H. 632.

SAME.—*Unauthorized Recording of Plat.*—A plat not signed and acknowledged

as required by law is not entitled to record; and if it be recorded, the record is a nullity.

City.—*Annexation of Platted Territory.*—The common council of a city has authority to annex territory, and extend its boundary so as to include lots laid off and platted adjoining the city, if the plat has been legally recorded in the recorder's office of the county, but not otherwise.

From the Allen Circuit Court.

*R. S. Taylor*, for appellants.

*L. Newberger, J. Q. Stratton*, and *J. A. Holman*, for appellees.

Osborn, J.—The appellants filed their complaint and instituted an action against the appellees, for the purpose of preventing the annexation of certain territory to the city of Fort Wayne. The averments show that the appellants had fully complied with all the requirements of the law necessary to authorize the board of county commissioners to order an election to be held, as provided by an act for the incorporation of towns, etc., approved June 11th, 1852. 1 G. & H. 619. They had filed their petition before the board, who had received it in open session, and assumed jurisdiction. The city of Fort Wayne had voluntarily appeared before the board and to the proceedings, and remonstrated against granting the prayer of the petition, and as far as she could, had made herself a party to the proceedings. The board, not deeming that the interests of the county required immediate action and not being fully advised, ordered that the further consideration of the question should be postponed until the then next regular session of the board.

It avers that the mayor and members of the common council of the city of Fort Wayne, all of whom are made defendants, were proposing to annex the territory sought to be incorporated, by resolution of the common council, to the city. The prayer is for an injunction, enjoining the defendants from passing any such resolution and from interfering with the plaintiffs in their proceedings to obtain an incorporation of a town, and that in case any such resolution should be passed before the hearing, it might be set aside.

No injunction was obtained.  A supplemental complaint was filed, in which it is averred, that since the commencement of the action, the common council has passed a resolution annexing a large part of the territory described in the petition to the city of Fort Wayne; that none of the owners of the territory have consented to such annexation; that the city of Fort Wayne claims, that by the passage of the resolution the territory described in it became part of the city and subject to its jurisdiction; that she is engaged, by her officers, in assessing the lands and other property of the plaintiffs in such territory, for the purpose of municipal taxation, and has levied a tax upon the same, and claims and asserts the right and power to levy and collect such tax, by virtue and in consequence of the passage of the resolution by the common council; that the acts of the city have cast a cloud upon the title of the plaintiffs to their lands, and impair and diminish their value, and disturb them in the enjoyment of the same.

Prayer, that the resolution may be declared null and void, and for an injunction enjoining the city from exercising any authority or jurisdiction in or over the territory, and from interfering with or obstructing the proceedings of the plaintiffs to obtain the incorporation of a town, etc.

A demurrer was filed to the original and supplemental complaints, on the ground that they did not contain facts sufficient to constitute a cause of action, which was overruled, and the appellees excepted.

There was an answer of general denial filed to the complaints, with an agreement that all matters of defence might be given in evidence under it.  The cause was tried by the court, who found for the defendants.  The appellants filed a motion for a new trial, alleging, amongst other reasons therefor, that the finding was not sustained by the evidence. The motion was overruled, and they excepted, and filed a bill of exceptions, setting out the evidence.  Final judgment was rendered against the appellants.

The appellants assign for error the action of the court in

overruling the motion for a new trial; and the appellees assign as a cross error, that the court erred in overruling the demurrer to the complaint and supplemental complaint.

The act of Jan. 11th, 1852, *supra,* makes provision for the incorporation of towns, and prescribes the steps to be taken for that purpose. It is not considered necessary to set out the provisions of the act in this opinion, as it is not contended that the requirements of the law had not been complied with, preliminary to the presentation of the petition to the board of county commissioners. The act provides that the county commissioners, in hearing the petition, shall require certain proof, "and if said board be satisfied that the requirements of this act have been fully complied with, they shall then make an order, declaring that such territory shall, with the assent of the qualified voters thereof, * * be an incorporated town, by the name specified in the application aforesaid," etc. 1 G. & H. 620, sec 5.

The act also provides for a vote of the qualified voters resident in the territory described in the petition, on the question of the territory's becoming an incorporated town. If a majority of the votes cast shall be in favor of its becoming such incorporation, "such territory shall from that time be deemed an incorporated town, to have continuance thereafter by the name and style specified in the order made by the board of county commissioners." The inspectors of the meeting shall make a return to the board of county commissioners, at their next session, "who, if satisfied of the legality of such election, shall make an order declaring that said town has been incorporated by the name adopted, which order shall be conclusive of such incorporation, in all suits by or against such corporation," etc. 1 G. & H. 621, sec. 9. It also provides for the election of trustees and other officers of the town, and prescribes their powers and duties.

Sec. 84 of an act for the incorporation of cities, approved March 14th, 1867, 3 Ind. Stat. 107, provides, that "whenever there shall be or may have been lots laid off and platted adjoining such city, and a record of the same is made in the

recorder's office, in the proper county, the common council may, by a resolution of the board, extend the boundary of such city so as to include such lots, and the lots thus annexed shall thereafter form a part of such city, and be within the jurisdiction of the same."

An act touching the laying out and vacating of towns, etc., approved May 20th, 1852, 1 G. & H. 632, provides, that any person who may thereafter lay off any town, or any addition thereto, shall cause to be recorded in the recorder's office of the county wherein the same may lie, a correct copy of the plat of the town; that the person desiring to lay off such lots, before offering such plat for record, shall acknowledge the same before the recorder of the proper county, or some justice of the peace thereof; a certificate of which acknowledgment shall be, by the officer taking the same, annexed to such plat or other paper and recorded therewith.

The allegations in the complaint are fully sustained by the evidence. A part of the evidence consisted of an agreed state of facts, signed by counsel, and with the other evidence is incorporated into the bill of exceptions. In that, it is agreed that on the 12th of April, 1852, Asa Fairfield laid out and platted a tier of out-lots, which are designated on the plat as "out-lots laid out by Asa Fairfield, in south-west quarter of section eleven, and north-west quarter of section fourteen, town thirty, range twelve." It was signed, "Jno. M. Wilt, Surveyor Allen Co.," and recorded by the county recorder, May 4th, 1852.

It was not acknowledged by any officer, nor was it signed by Fairfield. The tier of lots thus platted were numbered from one to fourteen inclusive, and extended from north to south. On the 25th day of June of the same year, Fairfield laid out and platted another tier of out-lots corresponding in size with and lying west of the first tier, numbered from fifteen to twenty-eight, which were designated as "out-lots laid off by Asa Fairfield, in sections eleven and fourteen, town thirty, range twelve east." The plat was acknowledged before a notary public on the 25th of June, 1852, and

recorded by the county recorder August 14th, of the same year.    It was not signed by Fairfield.

Number seventeen, on the second plat, was directly west of and adjoining number three on the first one.    It was also agreed that those two out-lots, three and seventeen, were contiguous to the city of Fort Wayne, on their northern boundary, and that no other part of the territory included in the resolution of the city was contiguous thereto.

It was also agreed that all of the subdivisions of territory included in the resolution were contiguous to each other, and that all of them, except the two plats made by Fairfield, before mentioned, were duly and legally laid out, platted, and recorded in the office of the recorder of Allen county; but whether the subdivisions marked on the plats were "lots" within the meaning of the statute, and whether the plats had been made and recorded according to law, so as to confer jurisdiction upon the city of Fort Wayne to annex the territory embraced within them, was left to the decision of the court.

It was also admitted that the city of Fort Wayne claims that all the territory described in the resolution extending its boundary has become a part of the city by force of the resolution; that she has assessed, and claims the right to collect, taxes upon the land and property of the appellants in the territory so annexed.

It is insisted by the appellants, that the board of county commissioners having acquired jurisdiction over all the territory annexed under the proceedings instituted by the appellants for the incorporation of the town of South Wayne, the pendency of those proceedings precluded the city from annexing such territory, and that Fairfield's plats of out-lots were not made and recorded according to law, so as to confer jurisdiction upon the city of Fort Wayne.

The evidence shows that the county commissioners had acquired jurisdiction of the proceedings; that the application of the appellants had been regularly presented to the board in open session, together with the evidence showing

that the requirements of the statute had been complied with, and that the appellee, the city of Fort Wayne, appeared before the commissioners and filed a remonstrance, claimed to be interested in defeating the application, and moved to dismiss it; that the board, after deciding that the city had a right to be heard, and after hearing arguments on the motion to dismiss, took the matter under advisement and postponed its further consideration until their next regular meeting. Whilst those proceedings were pending, the resolution complained of was passed.

Conceding, without deciding, that the city council could, under section 84 of its charter, extend the boundary of the city, so as to include the territory embraced in the resolution, in the absence of the pendency of the proceedings before the commissioners, still it does not follow that she could do so during the pendency of those proceedings.

The statute conferred power and authority upon the board of county commissioners to hear and determine the application of the appellants, and whether the requirements of the act, under which the application was made, had been fully complied with. The board had acquired jurisdiction. It was their duty to proceed with the consideration of the cause, and if the evidence was sufficient to satisfy them that the requirements of the law had been complied with, to make the proper order, provided for in section 5.

The appellants were entitled to the order, that the meeting and vote provided for in the statute might be had; and if in favor of the proposition, they were also entitled to the order provided for in section 9; after which, the territory would be an incorporated town, by the name adopted, and its existence would thereafter be judicially taken notice of in all courts and places in this State, without specially pleading or alleging the same, and the order would be conclusive of such incorporation in all suits by or against the corporation. Sec. 9, *supra.*

The exercise of the powers conferred upon the trustees of towns incorporated under the act in question would be incon-

.sistent with the exercise of those conferred upon cities under the act authorizing their organization within the same territory at the same time. That is so glaring and manifest that an enumeration and comparison of the powers and duties of the two sets of officers are unnecessary. "There can not be two corporations for the same purposes with co-extensive powers of government extending over the same district." Grant Corp. 18. "There can not be two such effective corporations in the same place; for, instead of good order, that would only be productive of anarchy." *The King* v. *Pasmore,* 3 Term Rep. 243. "There can not be, at the same time, within the same territory, two distinct municipal corporations, exercising the same powers, jurisdiction, and privileges." Dillon Munic. Corp., sec. 125. The proposition that two independent governments can not exercise the same powers, within the same district, at the same time, is a self-evident one.

But it is claimed by the appellees, that the common council was authorized by the charter to annex the territory, and if it was done in the manner pointed out by the charter, at any time before the town was fully organized, the act of annexation would be valid, and the application to the board of commissioners thus defeated.

Under section 84, *supra,* the common councils of cities are authorized to annex certain territory to the city. Under the act to organize towns, that same territory may become incorporated as a town, and thus become a municipal government, outside and independent of the city, before it is annexed. The General Assembly has authorized both proceedings. As we have seen, after an application has been filed before the commissioners by residents of territory sought to be incorporated, it is the duty of the commissioners to hear the application and make such orders as the evidence introduced and steps taken by the petitioners entitle them to. The proceedings before the board of commissioners give that body jurisdiction over the subject-matter, and it can not be defeated by any act of the common council.

Having acquired jurisdiction, it is their duty to retain it and proceed to a final hearing and disposition of the application. *West* v. *Morris,* 2 Disney, 415; *Merrill* v. *Lake,* 16 Ohio, 373, 405.

It is a clear principle of jurisprudence, that when there exist two tribunals possessing concurrent and complete jurisdiction of a subject-matter, the jurisdiction becomes exclusive in the one before which proceedings are first instituted, and which thus acquires jurisdiction of the subject. *Slyhoof* v. *Flitcraft,* 1 Ashm. 171; *The Ship Robert Fulton,* 1 Paine, 620, 626; *Taylor* v. *Carryl,* 20 How. 583; *Peck* v. *Jenness,* 7 How. 612; *Smith* v. *M'Iver,* 9 Wheat. 532; *Peale* v. *Phipps,* 14 How. 368; *Shelby* v. *Bacon,* 10 How. 56; *Clepper* v. *The State,* 4 Texas, 242.

It can not be contended, we think, that the common council of a city can annex lots laid off and platted adjoining the city, nor, if a record has been made as required, after the territory, including the lots, has been incorporated as a town, in pursuance of the statute. Section 84 ought not to receive a construction which confers a power upon one municipality to absorb another or any part of it. It confers no such power.

The *de facto* record of a deed or other paper in the county record is not what is contemplated or authorized by the statute. If the paper is not authorized or required to be recorded, or if the record itself is not in compliance with the law, the act of recording is treated as a nullity. 1 Story Eq., sec. 404; *Deming* v. *The State,* 23 Ind. 416.

The act touching the laying out of towns, etc., 1 G. & H. 632, authorizes plats of towns, or additions thereto, to be recorded, after the person laying off the lots has acknowledged the same before the recorder of the proper county or some justice of the peace thereof.

The plats of out-lots laid off by Fairfield were not, nor did they purport to be, town plats or additions thereto. They show on their face, that they are out-lots in the sections named, and nothing more. They were not authorized to be

recorded. They were out-lots laid out as a convenient mode of platting parts of the sections, but without any purpose of laying the land out as a town, or an addition to one. They could not be described as an addition to any town. None is named. They are simply out-lots in sections eleven and fourteen. *Detroit* v. *Detroit, etc., R. R. Co.*, 23 Mich. 173, 203.

The common council had authority to annex territory and extend its boundary, so as to include lots laid off and platted adjoining the city, if the plat had been legally recorded in the recorder's office of the county, and not otherwise. The only territory annexed, which adjoined the city, was lots three and seventeen of Fairfield's plats, and as they were not authorized to be recorded, and consequently were not recorded within the meaning of the act, the city council had no authority to pass the resolution or annex the territory described in it.

The demurrer to the complaints was correctly overruled, but the court erred in overruling the motion for a new trial. The finding should have been for the appellants.

The judgment of the said Allen Circuit Court is reversed, with costs. The cause is remanded to said court, with instructions to grant a new trial, and for further proceedings in accordance with this opinion.

Petition for a rehearing overruled.