THE PEOPLE *ex rel.* Sherman A. Hathorne

*v.*

R. H. MORROW *et al.*

*Opinion filed October 16, 1899.*

MUNICIPAL CORPORATIONS—*an annexation proceeding begun during pendency of village organization is void.* A proceeding for the annexation of territory to a contiguous city under paragraph 195 of the City and Village act (Rev. Stat. 1874, p. 244,) is illegal and void when instituted after the filing of a petition for an election to organize the territory into a village under sections 1 and 6 of article 11 of said act, (Rev. Stat. 1874, p. 242,) and while the latter proceeding is still pending and undetermined.

APPEAL from the Circuit Court of Lake county; the Hon. C. W. UPTON, Judge, presiding.

WILLIAMS, HOLT & WHEELER, for appellant:

The statutory right of annexation to the city of Waukegan was not defeated by preliminary proceedings looking towards the incorporation of the same with other

territory, as the village of North Chicago. The right of annexation is unqualified, and applies to any territory contiguous to a city and not embraced within the limits of another corporation. Rev. Stat. chap. 24, sec. 195.

The act for the incorporation of villages provides that the territory shall become organized after election, and not before. Until that time it is subject to annexation. Rev. Stat. chap. 24, art. 11, secs. 1, 3, 5, 6, 7.

The acts required by the statute to be performed by the county judge in village incorporation proceedings are purely ministerial, and neither legislative nor judicial. *Kamp* v. *People,* 141 Ill. 9; *Ford* v. *North DesMoines,* 80 Iowa, 630; *Whittaker* v. *Venice,* 150 Ill. 195.

If annexation was valid the identity of the village territory was destroyed, and no village organization resulted from the election. Judgment of ouster should have been entered accordingly.

PECK, MILLER & STARR, for appellees:

Between these conflicting proceedings, those which were first duly begun and jurisdiction thereby obtained have the right of way and the right to be carried forward to completion without interruption. *Union Trust Co.* v. *Railroad Co.* 6 Biss. 197; *Bell* v. *Ohio, etc. Co.* 1 id. 260; *Bill* v. *Railroad Co.* 2 id. 390; *Riggs* v. *Johnson County,* 6 Wall. 166; 1 Abbott's Pr. 223, and cases cited; *Mason* v. *Piggott,* 11 Ill. 88; *Brooks* v. *Delaplaine,* 1 Md. Ch. 351; *Vendall* v. *Harvey,* Nelson, 19; *Brown* v. *Wallace,* 2 Bland's Ch. 585; 1 Fowler's Exch. Pr. 308; 3 Blackstone's Com. chap. 4, p. 45; *Bullock* v. *Bullock,* 3 Swanst. 698; Finch's Prec. in Chancery, 546; *Harris* v. *Dennie,* 3 Pet. 292; *Taylor* v. *Carryl,* 20 How. 583.

The question of the village organization being duly pending before the voters of the village territory, the carrying through of those proceedings to their completion could not be interfered with or defeated by subsequent conflicting annexation proceedings. *Strosser* v. *Ft. Wayne,* 100 Ind. 443; *Taylor* v. *Ft. Wayne,* 47 id. 274; *Mul-*

*liken* v. *Bloomington,* 72 id. 161; *Indianapolis* v. *Peterson,* 112
id. 344; *Delphi* v. *Startzman,* 104 id. 343; *Ice* v. *State,* 123 id.
590; *State* v. *Armstrong,* 30 Neb. 493; *District of Sheldon* v.
*Sioux County,* 51 Iowa, 658; *Fulton County* v. *Railroad Co.*
21 Ill. 338; *People* v. *County of Tazewell,* 22 id. 147; *Truelsen*
v. *Duluth,* 61 Minn. 48; *McBryde* v. *Montesano,* 34 Pac. Rep.
559; *Streissguth* v. *Geib,* 69 N. W. Rep. 1097.

The rule *qui prior est tempore potior est jure* applies—priority in time gives superiority in right. 1 Copp's Public
Land Laws, 100; Morrison's Mining Rights, (8th ed.) 98;
Gould on Waters, (2d ed.) 232, *et seq.;* Walker on Patents,
(2d ed.) secs. 316, 318; *Bartlett* v. *Budd,* 1 Lowell, 223; *Ghen*
v. *Rich,* 8 Fed. Rep. 159; *Johnson* v. *McIntosh,* 8 Wheat. 572;
Wheaton on Int. Law, sec. 166.

The term "jurisdiction," within the meaning of the
rule, is not confined to proceedings in courts, but is used
and is applicable to political and legislative proceedings
and acts. 1 Starr & Curtis, sec. 2, pp. 50, 51; Const. of
1848, art. 1, sec. 1; Const. of 1870, art. 1; Schedule, sec. 4;
Rev. Stat. chap. 34, secs. 2, 3; chap. 24, art. 3, sec. 16;
art. 5, sec. 10.

The alleged annexation proceedings are void, because
the act of 1872, under which said proceedings were begun, is unconstitutional, in that it attempts to delegate
to property owners and voters of territory without the
city power to enlarge the city's boundaries, and to delegate legislative power to interested private individuals.

Section 2 and half of section 1, and other portions of
the act of 1872, have been repealed by the Annexation
act of 1889. The imperfect remainder of the act is too incomplete to stand alone, and must be held to be repealed.
*State* v. *Perry County,* 5 Ohio, 507; *Slauson* v. *Racine,* 13 Wis.
398; *State* v. *Dousman,* 28 id. 547; *United States* v. *Reese,* 92
U. S. 214; *Hinze* v. *People,* 92 Ill. 406; *Cornell* v. *People,* 107
id. 372; *People* v. *Cooper,* 83 id. 585; *Chicago* v. *Insurance Co.*
126 id. 276; *Huddleston* v. *Francis,* 124 id. 196; *Wayman* v.
*Southard,* 10 Wheat. 1; *Brown* v. *Maryland,* 12 id. 438.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is an information in the nature of a *quo warranto,* filed in the circuit court of Lake county by the State's attorney, on the relation of certain parties, against appellees, to oust them of the franchise of president and trustees of the village of North Chicago, on the ground the village was not legally organized. On issue joined a trial was had before the court without a jury, resulting in a judgment finding the respondents not guilty and holding the village organization valid.

It is stipulated by the parties that on April 18, 1895, appellee R. H. Morrow and forty-two other residents and legal voters residing in the territory claimed to have been organized into said village, petitioned the county judge of the county of Lake to submit the question whether the voters in that territory would organize the same as a village under the act of April 10, 1872, and acts amendatory thereof, and that in pursuance of that petition an election was called for the following 7th day of May, notices of which were duly posted, which election resulted in a vote of ninety-one for and five against the organization, and that thereupon the county judge called an election to be held on the 11th day of June following, the returns of which on the 15th showed the election of respondents to the offices from which it is sought to oust them by this proceeding. It is expressly stipulated that all the proceedings following the petition of April 18 were regular and in conformity with the provisions of the statute authorizing the organization of villages; (Rev. Stat. chap. 24, secs. 1, 6, art. 11; 1 Starr & Curtis,—2d ed.—chap. 24, pars. 185-190;) but it is also agreed that on the 6th of May, 1895, (the day before the election on the question of organizing the village,) the requisite number of legal voters in certain of said territory presented a petition to the city council of the city of Waukegan that such territory be annexed to said city, which petition was on the same day allowed and an ordinance of annexation to that

effect regularly adopted. It is also agreed by the parties in this behalf that said last proceeding was in all things regular and in conformity with the statute providing for the annexation of contiguous territory to any city or incorporated village or town. (Rev. Stat. chap. 24, sec. 195, *supra.*) It is conceded that if this latter proceeding legally took the territory therein described out of that claimed to be organized into the village, the organization must be held invalid.

It is insisted on behalf of respondents below, appellees here, that such annexation proceedings were illegal and void,—first, because they were begun after the filing of the petition for an election to organize the village of North Chicago, and while that proceeding was still pending and undetermined; and second, because there was at the time no law of this State in existence authorizing that proceeding,—that is, authorizing the annexation of contiguous territory to cities and incorporated towns and villages. We regard the second position as without force. There was such a statute, then capable of enforcement. It will not, however, be necessary to further notice that branch of the argument, since upon re-consideration of the case we are of the opinion that the first point is well taken and should be sustained.

As between courts of co-ordinate jurisdiction, the tribunal first acquiring jurisdiction retains it, and is not to be interfered with by another co-ordinate court. The reason of the rule is, that otherwise confusion and conflict would arise. Here, power is given over the same territory to two parties authorized to act,—one a city council or board of trustees, who may attach it to a municipality to which it is adjacent; the other, a majority of the legal voters within its boundary, who may organize it into a village.

In conformity to the foregoing rule is the case of *Taylor* v. *City of Fort Wayne,* 47 Ind. 274. There the appellee attempted to attach certain territory to the city of Fort

Wayne under the provisions of section 84 of a certain statute of that State providing for the annexation of territory adjacent to cities. Another statute authorized the incorporation of towns on the presentation of a petition to the board of county commissioners, and requiring the latter to require certain proof, and make an order declaring that the territory shall, with the assent of the qualified voters thereof, be incorporated, etc. The appellants sought to prevent the annexation by appellee, averring a compliance with all the requirements of the statute in regard to the incorporation of towns, and showing that they had filed their petition before the county board, who had received it in open session and assumed jurisdiction. The city appeared and resisted the granting of the same, and the board ordered the further consideration of the question postponed until its next regular session. In the decision of the case the court said: "But it is claimed by the appellees that the common council was authorized by the charter to annex the territory, and if it was done in the manner pointed out by the charter, at any time before the town was fully organized, the act of annexation would be valid and the application to the board of commissioners thus defeated. Under section 84, *supra*, the common councils of cities are authorized to annex certain territory to the city. Under the act to organize towns that same territory may become incorporated as a town, and thus become a municipal government, outside and independent of the city, before it is annexed. The General Assembly has authorized both proceedings. As we have seen, after an application has been filed before the commissioners by residents of territory sought to be incorporated, it is the duty of the commissioners to hear the application and make such orders as the evidence introduced and steps taken by the petitioners entitle them to. The proceedings before the board of commissioners give that body jurisdiction over the subject matter, and it cannot be defeated by any act of the

common council. Having acquired jurisdiction it is their duty to retain it and proceed to a final hearing and disposition of the application. (*West* v. *Morris*, 2 Disney, 415; *Merrill* v. *Lake*, 16 Ohio, 373, 405.) It is a clear principle of jurisprudence that when there exist two tribunals possessing concurrent and complete jurisdiction of a subject matter, the jurisdiction becomes exclusive in the one before which proceedings are first instituted and which thus acquires jurisdiction of the subject,"—citing authorities.

In *Independent District of Sheldon* v. *Board of Supervisors of Sioux County*, 51 Iowa, 568, the Supreme Court of that State say: "By the proceedings taken by the plaintiff it had obtained jurisdiction over the disputed territory before any steps were taken to organize Grant. The right to complete this organization as provided by law followed. It could not be ousted of its jurisdiction over the disputed territory by anything done subsequent to the proceedings to organize the plaintiff, unless the attempted organization was abandoned or was not completed within the time required by law."

The only thing that distinguishes these cases from this is, that there the bodies authorized to act exercised judicial functions, though not as courts, whereas under our statutes and decisions neither the county judge in giving notice of an election to organize a village, the city council, nor board of trustees upon a petition for annexation of contiguous territory, acts in any other than a ministerial or legislative capacity, and therefore the rule above cited may be said to not strictly apply. It is, however, under our statute, the imperative duty of the county judge and municipal authorities to act. In fact, they have no discretion or power to determine whether they shall do so, and therefore when, in this case, the county judge performed his duty by receiving the petition and ordering the election, the proceeding to organize was as effectually commenced and pending, to be acted upon by the legal voters, as though he had judicially determined

that such notice should be given. The reason of the rule above laid down applies to a case like this with as much force as though the action of the county judge or city council had been strictly judicial, and we are not disposed to attach any importance to the literal definition of the term "jurisdiction." It may, we think, be properly used in this case as synonymous with power or authority.

At the time the petition for annexation was presented to the city there had been begun and was pending a proceeding by the proper authority to perfect the organization of the village. In other words, the territory was in process of organization into a village. That that proceeding might have resulted in a failure to organize does not, in our judgment, militate against this proposition, and the question therefore is, could the petitioners for annexation defeat that proceeding by subsequently attempting to call into exercise the other power authorized by the statute. It cannot, we think, be presumed that the legislature intended to give citizens and legal voters of certain territory the power to organize a village, and at the same time authorize other parties, by a subsequent proceeding, to defeat that right; and it is clear that to hold otherwise would be to bring into conflict, resulting in confusion, the two opposing powers, or, speaking in a general sense, jurisdictions. Had the petition for annexation been first presented to the city council and its action postponed from time to time, until by a subsequent proceeding the organization of the territory into a village had been perfected, the same question would be presented, and we do not think in that case it could reasonably be held that the power of the city council to carry out the annexation proceeding would be defeated. The question as it arises under our statute and decisions is a new one and not wholly free from difficulty, but we think the foregoing views are sustained by both reason and authority.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*