CHASTAIN v. CITY OF LITTLE ROCK.

4-7607                                    185 S. W. 2d 95

Opinion delivered February 5, 1945.

*June P. Wooten,* for appellant.

*Cooper Jacoway* and *Wm. J. Kirby,* for appellee.

ROBINS, J. Appellants, inhabitants of certain territory adjoining Little Rock on the southwest, seek by this appeal to reverse judgment of the circuit court, by which their petition to incorporate this territory into a town

to be known as "West Little Rock" was denied, and by which the petition of the city of Little Rock to annex the same territory was granted.

Twenty-seven residents of this territory, on March 2, 1943, filed in the Pulaski county court petition for incorporation under the provisions of §§ 9786-9788, inclusive, of Pope's Digest of the laws of Arkansas.

On the night of March 3, 1943, there was introduced in and adopted by the city council of Little Rock Ordinance No. 6529, by which it was ordered that the question of the annexation of this (and other) territory should be submitted to the voters of Little Rock at the municipal election, to be held on April 6, 1943, and that officials of the city take all other necessary steps to complete the annexation. In a separate section of the ordinance an emergency was declared to exist, and it was ordered that the ordinance be in force from and after its passage.

The county court set appellants' petition for incorporation for hearing on April 5, 1943, but on that date, at the request of the city attorney of Little Rock, postponed hearing of the petition until after the municipal election.

At the election, out of a total of 1,024 votes cast, 891 were in favor of annexation and 133 were against it. On April 10, 1943, the city of Little Rock, in compliance with the mandate of the voters, filed in the county court its petition for the annexation, which was set for hearing on May 24, 1943. Some of the inhabitants of the territory described in the petition for incorporation filed a remonstrance to the city's petition for annexation, and, over the objections of these remonstrants, the petition for incorporation, and the petition for annexation were consolidated for hearing.

At the conclusion of the hearing the county court denied both petitions. All parties appealed to the circuit court, where the two petitions were heard together and judgment denying the prayer of the petition for incorporation of "West Little Rock" and granting the

prayer of the petition of the city of Little Rock for annexation was rendered.

Appellants argue these two grounds for reversal: First, that the emergency clause attached to the ordinance adopted by the city council was defective, and that therefore the ordinance did not become effective until too late for the question of annexation to be submitted to the voters on April 6, 1943; and second, that upon the filing in county court of the petition for incorporation, the city council was deprived of any power to initiate proceedings to annex the same territory, and that both the county court and the circuit court were without jurisdiction to hear the petition for annexation until the petition for incorporation had been disposed of finally.

## I.

We deem it unnecessary to determine whether § 4 of the ordinance involved herein contained recitals sufficient to declare an emergency, for the reason that this ordinance is not such a measure as is made subject to a referendum by the initiative and referendum amendment to the constitution of this state (Amendment No. 7, adopted November 2, 1920). In the portion of this amendment relating to the power to invoke a referendum this language appears: ''The word 'measure' as used herein includes any bill, law, resolution, ordinance, charter, constitutional amendment or legislative proposal or enactment of any character.'' The referendum, therefore, may not be invoked except against a ''legislative proposal or enactment.''

The Supreme Court of Oklahoma, in the case of *Brazell* v. *Zeigler,* 26 Okla. 826, 110 P. 1052, said: ''It was the intent to make the procedure in municipal legislation as nearly as practicable the same as the initiative and referendum procedure for measures relating to the people of the state at large—showing clearly that the machinery provided by the act was intended to be applicable to refer to a vote of the people, only state and municipal legislation.''

"The referendum is confined to legislative matters as distinguished from administrative or executive, even though it is exercised by ordinance or resolution, in the absence of a very clear declaration to the contrary." (Note) L. R. A. 1917B, p. 23.

"In the absence of a very clear declaration to the contrary, it must be presumed that the power of referendum was intended to apply solely to the legislative powers of the city." *Hopping* v. *Council of City of Richmond,* 170 Cal. 605, 150 P. 977.

The Supreme Court of Oregon, in the case of *Long* v. *City of Portland,* 53 Ore. 92, 98 P. 149, 1111, said: "The effect of the referendum will not, however, affect in any manner ordinances or resolutions of the council that are not 'municipal legislation.' "

The submission to the city's voters of the question of annexing adjoining territory is authorized by § 9501 of Pope's Digest as follows: "When any municipal corporation shall desire to annex any contiguous territory thereto, lying in the same county, it shall be lawful for the council to submit the question to the qualified electors at least one month before the annual election. If a majority of the votes cast on that question shall be in favor of annexation, the said corporation shall present to the county court a petition praying for such annexation. The like proceeding shall be had on said petition as is prescribed in §§ 9786-9788, so far as the same may be applicable, and if, within thirty days after a transcript shall be delivered as provided, no notice of a complaint against such annexation shall be given at the end of said thirty days, (and in case of any such complaint, then after the end of thirty days after the dismission of said complaint) the territory shall, in law, be deemed and taken to be included in and shall be a part of said corporation, and the inhabitants thereof shall in all respects be citizens thereafter of said municipal corporation, and the county clerk shall make out and certify to the city or town council and the Secretary of State the transcripts provided for in the preceding section."

No formality as to the manner in which the council shall determine to submit the question of annexation to the voters is prescribed by the statute. Under this statute it was not necessary that the council pass an ordinance providing for submission of the matter to the voters. It might have been properly done by a motion or resolution, and the determination by the council that the proposal to annex be submitted to the voters, regardless of the form in which this determination was expressed, was not a "legislative proposal or enactment."

So far as we have been able to discover, no court of last resort has ever held that under a provision for referendum voters might order an election so that they might vote as to whether they should be permitted to vote in another election on a pending proposal. A similar question was presented in the case of *Railey* v. *City of Magnolia,* 197 Ark. 1047, 126 S. W. 2d 273, wherein was involved the validity of an ordinance of the city council calling an election to submit to the voters the question of the construction of a municipal hospital. The ordinance was assailed on the ground that the time fixed for holding the election was such as to prevent filing of a referendum petition to have the ordinance referred to the electorate of the city for approval or rejection. While in that case the question of the right to have the ordinance authorizing the election referred to the voters was not expressly decided, this significant language appears in the opinion: "The question must be referred to and be approved by the electors before the power may be exercised, so that the election is, itself, a referendum"; and in support of this statement we cited the case of *Campbell* v. *City of Eugene,* 116 Ore. 264, 240 P. 418, in which the Supreme Court of Oregon held that a resolution of the city council of Eugene, calling an election on the question of issuing bonds for the construction of a municipal auditorium, was not subject to a referendum petition under provisions for initiative and referendum somewhat similar to those in Amendment No. 7 to the Arkansas Constitution. In that case the Oregon court said: "If it should be held that the action of the council

in so ordering the election should be subject to the referendum, the situation would be peculiar. It would be to the effect that the electors of the city would have the right to vote at an election upon the question as to whether an election should be held, to which they would vote upon another question, or the same question, at a succeeding election. . . . The law does not require a vain thing to be done. The electors of the city had ample opportunity to ballot on the measure once. The law does not, and should not, provide for two elections to vote practically upon the same measure. It is an established rule of statutory construction that such meaning is to be given to the language of the lawmakers as will effectuate the object and purpose of the law. . . . It is urged by the learned counsel for plaintiff that 'this proceeding involves the question of taxation, and is legislative.' This contention may be answered or explained as follows: The enactment of the charter amendment by the electors of the city involves a question of taxation, and is legislative. The action of the council in calling the election is merely the administration of a power given to the council by the statute, and simply proposes legislation and does not pretend to enact legislation.''

In holding that an ordinance submitting a proposal of acquisition of certain property for a water supply system was not subject to referendum, the Supreme Court of Washington, in *Langdon* v. *Walla Walla,* 112 Wash. 446, 193 P. 1, said that the ordinance was in no event subject to referendum ''because by its very terms in that regard, and by the express provision of the statute under which it was passed, it is within itself a providing for a referendum.''

In the note to *Keigley* v. *Bench,* 122 A. L. R. 756, the annotator says (pp. 769, 772): ''It is the general rule that initiative and referendum provisions are applicable only to acts which are legislative in character, and are not applicable to those dealing with administrative or executive matters. . . . In several cases where the ordinance was one submitting to a popular vote a par-

ticular question, it has been held that the ordinance was not itself subject to referendum provisions.''

Our decision in the case of *Gaster* v. *Dermott-Collins Road Improvement District,* 156 Ark. 507, 248 S. W. 2, does not support appellants' contention. The act under consideration in that case provided that it should not be effective until it received a favorable vote of the electors of the road district created by the act, and we held that, since it was an act of the General Assembly, the mere fact that it provided for a vote at an election to be participated in only by the inhabitants of the affected territory did not deprive the voters of the state of the right to order a referendum thereon. We have no such situation here, because a referendum election on the ordinance would have been participated in by the same electorate as the one to whom the council by the ordinance submitted the proposal.

More than thirty days elapsed from the adoption of the ordinance until the election, and it is not claimed that any referendum petition against it was ever filed. The electorate of Little Rock, the very body of voters to whom a referendum petition against the ordinance, if filed, would have referred the proposal, voted favorably on it at the municipal election, Chief Justice Cockrill, speaking for this court, in the case of *Wheat* v. *Smith,* 50 Ark. 266, 7 S. W. 161, said: ''The courts hold that 'the voice of the people is not to be rejected for a defect or want of notice, if they have in truth been called upon and have spoken.' *Deshon* v. *Smith, supra,* (10 Ia. 212). If the law were otherwise it would, as was said by the court in *Foster* v. *Scarff,* 15 Ohio St. 532, 'always be in the power of a ministerial officer by his malfeasance to prevent a legal election.' ''

## II.

In support of their contention that filing in the county court of petition for incorporation forestalled proceedings by the city to annex, appellants cite the decisions in these cases: *People* v. *Morrow,* 181 Ill. 315,

54 N. E. 839; *Taylor* v. *The City of Ft. Wayne,* 47 Ind. 274; *State* v. *Smith,* 331 Mo. 211, 53 S. W. 2d 271; *Colquhoun* v. *City of Tucson,* 55 Ariz. 451, 103 P. 2d 269; *Popenfus* v. *City of Milwaukee,* 208 Wis. 431, 243 N. W. 315. But in all of these cases there was a marked difference in the statutory provisions there involved and the provisions of the Arkansas statute pertaining to annexation of territory to a municipality. Under our statute, § 9501 of Pope's Digest, the council itself has no power to annex territory to the municipality, but, after first obtaining a favorable vote of the electors of the city on the proposal to annex, must apply for an order of annexation to the county court, where proceedings identical with those provided for disposing of petitions for incorporation must be had. The statute provides that before the county court may make an order for incorporation or an order for annexation of territory to a municipality, where objection is made thereto, it must find that it is "right and proper . . . that said petition shall be granted." In all of the above-mentioned cases cited by appellants, it appears that under the statutes there being construed a court was authorized to grant petition for incorporation, while the city council had the absolute power by proper ordinance to annex the territory, and there was no provision requiring the city to present petition for annexation to a judicial tribunal.

The basis of the decision in all of these cases (*People* v. *Morrow,* 181 Ill. 315, 54 N. E. 839; *Taylor* v. *The City of Ft. Wayne,* 47 Ind. 274; *State* v. *Smith,* 331 Mo. 211, 53 S. W. 2d 271; *Colquhoun* v. *City of Tucson,* 55 Ariz. 451, 103 P. 2d 269; *Popenfus* v. *City of Milwaukee,* 208 Wis. 431, 243 N. W. 315) is contained in this language used by the Supreme Court of Indiana in the case of *Taylor* v. *Ft. Wayne, supra,* where an attempt of the city to annex certain contiguous territory was made after the inhabitants of the territory had petitioned the board of county commissioners for incorporation, and where the city had the right to annex merely by resolution of the council: "It is a clear principle of jurisprudence,

that when there exist two tribunals possessing concurrent and complete jurisdiction of a subject-matter, the jurisdiction becomes exclusive in the one before which proceedings are first instituted, and which thus acquires jurisdiction of the subject.''

Under the laws of Arkansas the county court must pass upon the merits of a petition to incorporate a new municipality and also of a petition to annex territory to an existing city or town. It is obvious that initiation by the city of proceedings to annex did not create any threat of a conflict of jurisdiction because the city's petition to annex and the appellants' petition to incorporate ultimately had to be passed on by the same judicial tribunal.

Since the question of the expediency or necessity of the proposal to annex and of the proposal to create the new town out of the same territory necessarily involved the same facts, the county court and the circuit court properly consolidated the two matters for hearing.

It is stipulated that there was sufficient testimony to authorize the judgment of the circuit court, and, since we hold that the city had a right to file the petition for annexation and to have same heard by the county court, even though the petition for incorporation was pending therein, it follows that the judgment appealed from must be affirmed.