Mr. Skip Cook 14721 Glisten Lane Little Rock, AR 72211
Dear Mr. Cook:
This is in response to your request, received by this office on November 7, 1995, for certification, pursuant to A.C.A. § 7-9-107 (Repl. 1993), of a popular name and ballot title for a referendum on Act 1 of the First Extraordinary Session of 1995, which calls an election on the question of calling a constitutional convention.
As an initial matter with regard to this particular referendum, it should be recognized that a question arises as to whether Act No. 1 is properly the subject of a referendum election.[1] While the power of referendum applies broadly under Ark. Const. Amend. 7 to "legislative proposal(s) or enactment(s)," there is authority for the proposition that the referendum may not be invoked to, in essence, order an election to decide whether to have another election. As the court observed in Chastain v. City ofLittle Rock, 208 Ark. 142, 185 S.W.2d 95 (1945):
 So far as we have been able to discover, no court of last resort has ever held that under a provision for referendum voters might order an election so that they might vote as to whether they should be permitted to vote in another election on a pending proposal.
208 Ark. at 146.
Thus, if an act provides by its terms that the proposal must be submitted to and approved at an election, the courts have held that such an election is, itself, a referendum; and that one election on the principal issue presented by the act is sufficient. Chastain, supra,208 Ark. at 146-147; see also Scroggins v. Kerr, 217 Ark. 137, 144,228 S.W.2d 995 (1950).
While it appears, therefore, that an effort to invoke the referendum as to Act No. 1 may be subject to challenge, I lack the judicial authority to determine that issue. This office has a duty to certify a suitable and correct ballot title and popular name for any amendment or act submitted in accordance with A.C.A. § 7-9-107 (Repl. 1993). Compliance with this statutory duty is thus mandatory, and any judicial remedies must be pursued through the courts. Certification of your proposed popular name and ballot title therefore follows.
You have submitted the following popular name and ballot title for certification:
 Popular Name ACT NO. 1 OF THE EIGHTIETH GENERAL ASSEMBLY FIRST EXTRAORDINARY SESSION, OCTOBER 20, 1995
 Ballot Title AN ACT TO CALL A CONSTITUTIONAL CONVENTION WITH THE AUTHORITY AND RESPONSIBILITY TO REVISE THE CONSTITUTION OF THE STATE OF ARKANSAS; TO PRESCRIBE THE METHOD OF SELECTING DELEGATES TO THE CONVENTION; TO PRESCRIBE THE METHODS FOR RATIFYING THE CALL AND FOR SUBMISSION OF PROPOSED REVISIONS OF THE CONSTITUTION TO A VOTE OF THE PEOPLE; DECLARING AN EMERGENCY; AND FOR OTHER PURPOSES.
The Attorney General is required, pursuant to Section 7-9-107, to approve and certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, or if the proposed popular name and ballot title are sufficiently misleading, the entire petition may be rejected.
Section 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment or likelihood that it will accomplish its stated objective. Consequently, this review has been limited to determining whether the proposed popular name and ballot title accurately and impartially summarize the provisions of the referred act.
The purpose of my review and certification is to insure that the popular name and ballot title honestly, intelligently, and fairly set forth the purpose of the referred act. See Arkansas Women's Political Caucus v.Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984). The popular name is primarily a useful legislative device. Pafford v. Hall, 217 Ark. 734,233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions which might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaneyv. Bryant, 259 Ark. 294, 532 S.W.2d 741 (1976); Moore v. Hall,229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining its sufficiency. Id.
A ballot title must include an impartial summary of the proposal which will give the voter a fair understanding of the issues presented. Hobanv. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958); Becker v. Riviere,270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994),citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990), Gaines v.McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988), Hoban v. Hall, supra, andWalton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v. McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citingLeigh v. Hall, 232 Ark. 558, 339 S.W.2d 104 (1960).
Applying the above precepts, it is my conclusion that a more suitable, complete, and correct popular name and ballot title should be substituted for those proposed. The following is hereby certified in order to insure that, when construed together, the popular name and ballot title accurately set forth the purpose of this referred act:
 Popular Name AN ACT PROVIDING FOR THE CALL OF A CONSTITUTIONAL CONVENTION BY SPECIAL ELECTION
 Ballot Title A VOTE FOR THIS ACT IS A VOTE IN FAVOR OF HAVING A SPECIAL ELECTION TO DECIDE WHETHER TO CALL A CONSTITUTIONAL CONVENTION AND ELECT CONVENTION DELEGATES AS PROVIDED FOR IN THE ACT.
 AN ACT PROVIDING FOR A SPECIAL ELECTION TO BE CALLED BY THE GOVERNOR AT WHICH THE REGISTERED VOTERS OF THE STATE OF ARKANSAS WILL DECIDE WHETHER TO CALL A CONSTITUTIONAL CONVENTION, AS PROVIDED FOR IN THE ACT, TO DRAFT A NEW CONSTITUTION; PROVIDING THAT AT SUCH SPECIAL ELECTION THE VOTERS WILL ALSO DECIDE WHETHER TO APPROVE AS A GROUP THE TWENTY-SIX (26) CONSTITUTIONAL CONVENTION DELEGATES WHO HAVE BEEN NOMINATED FROM THE GENERAL ASSEMBLY BY THE PRESIDENT PRO TEMPORE OF THE SENATE AND THE SPEAKER OF THE HOUSE OF REPRESENTATIVES, IN ACCORDANCE WITH THE ACT; PROVIDING THAT AT SUCH SPECIAL ELECTION THE VOTERS WILL ALSO ELECT BY PLURALITY VOTE THIRTY-FIVE (35) DISTRICT DELEGATES, ONE FROM EACH ARKANSAS SENATE DISTRICT, FROM CANDIDATES NOMINATED BY PETITION IN ACCORDANCE WITH THE ACT; AUTHORIZING THE GOVERNOR TO FILL VACANCIES IN ANY DELEGATE POSITION THAT OCCUR PRIOR TO THE CONVENING OF THE CONSTITUTIONAL CONVENTION; DESIGNATING THE PRESIDENT PRO TEMPORE OF THE SENATE AND SPEAKER OF THE HOUSE AS PRESIDING OFFICIALS OF THE CONVENTION WITH NO VOTING AUTHORITY EXCEPT IN THE EVENT OF A TIE VOTE; PROVIDING FOR OTHER OFFICERS OF THE CONSTITUTIONAL CONVENTION; ESTABLISHING PROCEDURES AND SCHEDULES GOVERNING THE CONVENTION, INCLUDING THE REQUIREMENT THAT THE CONVENTION SHALL MEET FOR NO MORE THAN THIRTY-TWO (32) DAYS BETWEEN JANUARY 2, 1996, AND MARCH 15, 1996; PROVIDING FOR TRAVEL REIMBURSEMENT AND PER DIEM COMPENSATION OF $82.00 FOR CONVENTION DELEGATES; REQUIRING THAT ANY PROPOSED NEW CONSTITUTION SHALL BE VOTED ON AT EITHER A SPECIAL ELECTION OR AT THE NOVEMBER, 1996, GENERAL ELECTION, AT THE GOVERNOR'S OPTION; AND REQUIRING PUBLICATION OF THE PROPOSED DOCUMENT IN EACH OF THE SEVENTY-FIVE (75) COUNTIES AT LEAST THIRTY (30) BUT NOT MORE THAN NINETY (90) DAYS PRIOR TO THE ELECTION.
Pursuant to A.C.A. § 7-9-108, instructions to canvassers and signers are enclosed herewith.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] It should also be noted that a Pulaski County Chancery Judge has invalidated Act 1 based upon the emergency clause thereof. An appeal is pending.