The Honorable Susan Schulte State Representative 18 Sunbeam Circle Cabot, AR 72023-2000
Dear Representative Schulte:
I am writing in response to your request for an opinion concerning a one-cent sales and use tax that was adopted by the electors of Lonoke County in 1985 under authority of Act 26 of the First Extraordinary Session of 1981 (A.C.A. 26-74-201 et seq.) See Lonoke County Ordinance Nos. 2-1985 (the election ordinance) and 3-1985 (the levying ordinance). You have asked the following questions in this regard:
 1. Can the Lonoke County Quorum Court legally by ordinance place on the ballot to the electors of Lonoke County an option to re-allocate the current use of a county-wide sales tax?
 2. If the Quorum Court does not provide this option to the electors of the county, can the qualified electors by petition of referendum present this issue to the electors in Lonoke County?
RESPONSE
It is my opinion that the answer to your first question is "yes," pursuant to A.C.A. 26-74-208 (Supp. 2003), as to revenues collected after the expiration of the challenge period under A.C.A. 26-74-209. The answer to your second question is "no," in my opinion.
Question 1 — Can the Lonoke County Quorum Court legally by ordinanceplace on the ballot to the electors of Lonoke County an option tore-allocate the current use of a county-wide sales tax?
The answer to this question is generally "yes," pursuant to A.C.A. §26-74-208 (Supp. 2003). As amended by Act 1156 of 2003, Section 26-74-208
authorizes the electors to approve a change in the designated use of revenues derived from a sales tax that was approved by the voters. The election is held following the quorum court's referral of the matter to the voters in accordance with A.C.A. 26-74-208 (c) (2), which provides as follows:
 (A) The quorum court of a county may refer to the vote of the people a change in the indicated use of revenues derived from a sales or use tax that was approved by the voters.
 (B) If the quorum court of a county refers to the vote of the people a change in the indicated use of revenues derived from a sales or use tax, the quorum court shall:
 (i) Notify the county board of election commissioners that the measure has been referred to the vote of the people; and
(ii) Submit a copy of the ballot title to the board.
 (C)(i) An election to change the indicated use of revenues derived from a sales or use tax shall be conducted in the manner provided by law for all other county elections.
 (ii) The results of an election under this subsection shall be certified, proclaimed, and subject to challenge under the procedures stated in § 26-74-209.
A.C.A. § 26-74-208 (c) (2) (Supp. 2003).
If the voters approve the change in use, the change applies tosubsequently collected sales tax revenues in accordance with A.C.A. §26-74-208 (c) (3) (Supp. 2003), which states:
 If the voters approve a change in the indicated use of revenues derived from a sales or use tax, the change in the indicated use shall apply to all revenues collected on the first day of the calendar month following the expiration of the thirty-day challenge period under § 26-74-209. [Emphasis added.][1]
If the voters do not approve a change in the designated use of the sales tax, "the tax shall continue to be collected, and the revenues derived from the tax shall continue to be used for the purposes indicated in the ballot for the tax." Id. at subsection (c) (4).[2]
Question 2 — If the Quorum Court does not provide this option to theelectors of the county, can the qualified electors by petition ofreferendum present this issue to the electors in Lonoke County?
This question should initially be clarified by noting that the power of the initiative, rather than the referendum, presumably is what the electors would invoke in seeking a vote on the reallocation of a county sales and use tax. Amendment 7 to the Arkansas Constitution establishes the people's power of initiative and referendum. A petition for referendum is a means of ordering an election on an ordinance that has been enacted by the Quorum Court, whereas an initiative petitionproposes a measure in the first instance. See A.C.A. §§ 7-9-104 and -105 (form of initiative and referendum petitions). See also Ark. Const. amend. 7 ("Local Petitions").
Assuming, therefore, that you are asking whether the electors could initiate a change in the designated purpose(s) of a county sales and use tax if the Quorum Court does not refer a change to a vote as authorized by A.C.A. § 26-74-208, supra, it is my opinion that the answer is "no." While the legislature has provided for the levy or repeal of a county sales and use tax by petition of electors (see A.C.A. § 26-74-210 andStilley v. Henson, 342 Ark. 346, 28 S.W.2d 274 (2000)), there is no language in A.C.A. § 26-74-208 suggesting that the electors may petition for a "change in the indicated use" (id. at subsection (c) (3)), of sales tax revenues. And it is my opinion that the electors lack such authority in the absence of a delegation from the General Assembly because the power of the initiative cannot be invoked in this regard. Cf. Op. Att'y Gen. 2001-361 (concluding that voters of a municipality cannot petition for a sales tax election because the statutes confer no such right and the initiative provisions of Amendment 7 are inapplicable).
It is well established that Amendment 7 reserves to the local voters only the right to enact "local legislation," i.e., legislation that the local governing body could enact. See Ark. Const. amend. 7 ("Local Petitions")and Tindall v. Searan, 192 Ark. 173, 90 S.W.2d 476 (1936). If there is no local legislative authority, then the so-called "direct initiative process" under Amendment 7 (see Stilley, supra) is not implicated. A corollary principle is that the power of initiative extends only to measures that are legislative, and not administrative, in character. Seegenerally Chastain v. City of Little Rock, 208 Ark. 142, 185 S.W.2d 95
(1945); City of North Little Rock v. Gorman, 264 Ark. 150, 568 S.W.2d 481
(1978). The Arkansas Supreme Court has explained the test for distinguishing legislative and administrative acts as follows:
 [T]he test for determining whether a resolution is municipal legislation `is to determine whether the proposition is one that makes new law or to execute a law already in existence. The power or authority to be exercised is legislative in its nature if it prescribes a new policy or plan; while on the other hand, it is administrative in its nature if it simply pursues a plan already adopted by the legislative body . . .'
Gregg v. Hartwick, 292 Ark. 528, 531, 731 S.W.2d 766 (1987), citing Cityof NLR v. Gorman, 264 Ark. 150, 568 S.W.2d 481 (1978).
Turning to A.C.A. § 26-74-208 and the process therein for changing the use of sales tax revenues, I believe it is clear that the Quorum Court is not exercising legislative authority when it refers such a measure to the voters under this statute. Rather, the Quorum Court is simply carrying out actions that have been authorized by the General Assembly in the exercise of that body's power over taxation, which is unlimited except as restricted by the constitution. Cf. Collins v. Humphrey, supra at n. 1. This conclusion is consistent with the Arkansas Supreme Court's observation that a quorum court "was not enacting law" when it called a special election to submit a one-cent sales and use tax issue to its voters. See Sanders v. County of Sebastian, 324 Ark. 433, 437,922 S.W.2d 334 (1996) (holding that it was unnecessary for the measure to contain an emergency clause, which would otherwise have been required by Amendment 7). Similarly, in my opinion, the Quorum Court is not making law or exercising legislative authority when it calls for an election on the issue of changing the designated use of revenues derived from a sales tax. Because this process does not involve the enactment of any "local legislation," it necessarily follows that an initiative petition is not an authorized means of presenting a "change in the indicated use" to the voters.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] The change in use cannot apply to taxes that have already been collected without offending Article 16, Section 11 of the Constitution, which provides that:
 [n]o tax shall be levied except in pursuance of law, and every law imposing a tax shall state distinctly the object of the same; and no moneys arising from a tax levied for one purpose shall be used for any other purpose.
Ark. Const. art. 16, § 11.
This constitutional provision prevents the legislature from diverting, or authorizing the diversion of, taxes that have been levied and collected. As stated by the Arkansas Supreme Court, "when a tax is collected pursuant to being levied for a specific purpose, the money so collected cannot be diverted for a different purpose." Hooker v. Parkin,235 Ark. 218, 231, 357 S.W.2d 534 (1962), citing Page v. Alexander,206 Ark. 479, 177 S.W.2d 415
(1943). See also Collins v. Humphrey, 181 Ark. 609, 616,27 S.W.2d 102 (1930) (observing, with respect to art. 16, § 11, that "[b]y the use of the phrase `arising from a tax levied for one purpose' it was evidently intended that, when the tax was collected, it automatically belonged to the purpose for which it was levied, and could not thereafter be diverted by the Legislature to another purpose.")
[2] It should also be noted that the designated use cannot be changed to reduce a pledge to secure lease rentals or bonds, in the event there was such a pledge of the sales tax revenues. Id. at subsection (c) (5).