Jim SANDERS *v.* COUNTY of SEBASTIAN, Arkansas, and Bud Harper, in His Official Capacity as Sebastian County Judge

95-1014                                                            922 S.W.2d 334

Supreme Court of Arkansas
Opinion delivered May 20, 1996

*Oscar Stilley*, for appellant.

*Daniel Shue*, for appellees.

*Friday, Eldredge & Clark*, by: *J. Shepherd Russell III*, and *R. Christopher Lawson*, for Association of Arkansas Counties, amicus curiae.

BRADLEY D. JESSON, Chief Justice. This appeal concerns a one-cent sales-and-use tax adopted by the majority of Sebastian County voters in a June 21, 1994, special election. Over one year after the election, on June 28, 1995, appellant Jim Sanders filed this

illegal-exaction suit against appellees Sebastian County and Sebastian County Judge Bud Harper, claiming that the one-cent tax was in excess of the one-half of one percent permitted by Article 16, § 9, of the Arkansas Constitution. Citing our decision in *Foster* v. *Jefferson County Quorum Court*, 321 Ark. 105, 901 S.W.2d 809, *supp. op. granting reh'g*, 321 Ark. 116-A, 901 S.W.2d 809 (1995), in which we held that Article 16, § 9, applies to *ad valorem* property taxes, the appellees moved to dismiss appellant's complaint. Thereafter, appellant amended his complaint to include allegations that the emergency clause in the ordinance calling the election was invalid and that county officials had failed to properly publish the ordinance and had engaged in various acts of election misconduct. The appellees moved for summary judgment, and appellant filed a cross-motion for summary judgment. The chancery court granted summary judgment in favor of the appellees. We affirm.

### Article 16, § 9

For his first allegation of error, appellant asserts that the chancery court erred in finding that Article 16, § 9, of the Arkansas Constitution has no application to Sebastian County's one-percent sales-and-use tax. Article 16, § 9, of the Arkansas Constitution reads as follows:

> No county shall levy a tax to exceed one-half of one percent for all purposes, but may levy an additional one-half of one percent to pay indebtedness existing at the time of the ratification of this Constitution.

Appellant asks us to overrule *Foster* v. *Jefferson County Quorum Court*, *supra*, in which we were faced with essentially the same questions presented here. In *Foster*, we explained at length why Article 16, § 9, limits county tax levies to the *ad valorem* property tax, and does not fix a limit on sales-and-use taxes.

There is a strong presumption of the validity of prior decisions. *Thompson* v. *Sanford*, 281 Ark. 365, 663 S.W.2d 932 (1984). While we do have the power to overrule a previous decision, it is necessary, as a matter of public policy, to uphold prior decisions unless a great injury or injustice would result. *Independence Fed. Bank* v. *Payne Webber*, 302 Ark. 324, 789 S.W.2d 725 (1990); *Thompson* v. *Sanford*, *supra*. The United States Supreme Court has recognized that adherence to precedent promotes stability, predictability, and respect for judicial authority. *Hilton* v. *S.C. Pub. Rys.*

*Comm'n*, 502 U.S. 197 (1991), *citing Vasquez v. Hillery*, 474 U.S. 254, 265-266 (1986). In this case, the appellant has not given us any convincing authority or reasons why *Foster* should not be followed. As we decline to overrule *Foster*, it is unnecessary to reach appellant's alternative arguments that the chancery court erred in ruling that the tax was levied by the State and not the county, and that the tax was not enacted for all purposes.

### Emergency clause

Appellant next claims that the emergency clause of the ordinance calling the special election failed to adequately define an emergency in accordance with Ark. Code Ann. § 14-14-908(c) (1987). In enacting Ordinance No. 94-10, the Sebastian County Quorum Court determined that "there is a great need for immediate improvement of general municipal and county services and for a source of revenue to finance improvement in such services." The chancery court ruled that this declaration expressed an emergency, and, alternatively, even if it had not adequately stated an emergency, the invalidity of the emergency clause would have no legal effect upon the vote of the people in the special election. While we affirm the chancery court's ruling, we do so for a reason somewhat different than the one expressed. *Patterson v. Odell*, 322 Ark. 394, 909 S.W.2d 648 (1995). In this case, we need not decide whether the emergency clause states a fact that constitutes an emergency because we conclude that no emergency clause was necessary.

The significance of an emergency clause is its effect on the people's reserved right of referendum. *Priest v. Polk*, 322 Ark. 673, 912 S.W.2d 902 (1995); *Burroughs v. Ingram*, 319 Ark. 530, 893 S.W.2d 319 (1995). As a result, the subject of emergency clauses is expressly controlled by Amendment 7 to the Arkansas Constitution. *Id.* Here, the Sebastian County Quorum Court called a special election to submit the one-cent sales-and-use-tax issue to its voters. It was not enacting law; thus, no emergency clause was required. We explained this point in *Chastain v. City of Little Rock*, 208 Ark. 142, 185 S.W.2d 95 (1945), where we held that an ordinance passed by the Little Rock City Council ordering the annexation of certain territory to be submitted to the voters was not a measure subject to the referendum provisions of Amendment 7. A referendum would have involved holding an election to determine whether an election should be held, and we said that one election on the principal issue presented by the ordinance was enough. *See also Scroggins v. Kerr*,

217 Ark. 137, 228 S.W.2d 995 (1950). To hold otherwise

> would be to the effect that the electors of the city would have the right to vote at an election upon the question as to whether an election should be held, to which they would vote upon another question, or the same question, at a succeeding election . . . The law does not require a vain thing to be done.

*Chastain* at 147, *quoting Campbell* v. *City of Eugene*, 240 P. 418 (Ore. 1925). *See also Swanberg* v. *Tart*, 300 Ark. 304, 778 S.W.2d 931 (1989). In short, because the Sebastian County Quorum Court's action in calling the special election was not a legislative enactment, an emergency clause was not required.

■ Appellant also asserts that Ordinance No. 94-10 violated § 14-14-908(b), which states that "[a]n emergency ordinance or amendment shall not levy taxes . . ." We disagree that the ordinance itself levied the tax within the meaning of this statute. Rather, the ordinance was merely the first step in a process authorized by Act 26 of 1981, codified at Ark. Code Ann. § 26-74-201 *et seq.* (1987 & Supp. 1995), for the collection of the tax. In this case, Ordinance No. 94-10 merely called for an *election* on the issue. *See* § 26-74-207. In sum, appellant's argument is without merit.

### Election misconduct

Finally, appellant argues that the chancery court erred in finding that the numerous claims of alleged misconduct by appellees were barred by the statute of limitations. In his complaint, appellant alleged that (1) county officials failed to comply with statutory requirements in publishing notice of the special election; (2) they falsely claimed prior to the election that the tax would last for only ten years, when a "sunset clause" was omitted from the ordinance; and (3) they intentionally delayed mailing 6,000 tax statements until after the election.

■ We agree that appellant's claims are barred by the statute of limitations. Arkansas Code Annotated § 26-74-209(c) requires that any person desiring to challenge election results file such a challenge within 30 days after the date of publication of the proclamation. The proclamation of the results of the June 21, 1994, special election was published on June 28, 1994. As appellant did not assert these election-based claims until he filed his amended

complaint on July 31, 1995, they are barred.

■ In his reply brief, appellant complains that the additional record designated by appellees, consisting of appellant's original complaint and the appellees's motion to dismiss, was unnecessary. He asks that, regardless of the disposition of this case, the appellees be required to pay the costs of the supplemental transcript. As we are affirming this appeal, we deny appellant's request in accordance with Ark. Sup. Ct. R. 6-7(a).

Affirmed.

DUDLEY, J., not participating.