The Honorable Chaney Taylor, Jr. State Representative P.O. Box 2721 Batesville, AR 72503-2721
Dear Representative Chaney:
I am writing in response to your request for an opinion on the following question:
 Can the citizens of a municipality or county approve by voter initiative a 1/8 cent city — or county — wide sales tax to be used for economic development?
RESPONSE
It is my opinion as a general matter that the voters of a county may petition for an election on the question of the levy of a sales tax authorized under A.C.A. §§ 26-74-201 et seq., with the proceeds to be used for economic development as provided in A.C.A. § 14-174-101 et seq. In my opinion, however, this is not a voter initiative under Amendment 7 to the Arkansas Constitution. The answer to your question is arguably less clear with regard to a municipal sales tax. While the issue could perhaps benefit from legislative clarification, it is my opinion that current law in all likelihood does not authorize the voters of a city to petition for an election on a municipal sales tax, unless it is a resubmission pursuant to A.C.A. § 26-75-213 of a levy that was defeated and six months have elapsed from the date the sales tax was last voted upon.
Your question first requires a determination regarding the so-called "direct initiative process" under Amendment 7 to the Arkansas Constitution. See generally Stilley v. Henson, 342 Ark. 346,28 S.W.2d 274 (2000). The voters of a city or county may exercise the initiative powers reserved to them under Amendment 7 to the Arkansas Constitution to propose and enact local legislation in and for the city or county. Ark. Const. amend. 7 ("Local Petitions").[1] It is my opinion as a threshold matter that this initiative and referendum power does not extend to the levying of a 1/8 cent city or countywide sales tax to be used for economic development. The power of counties and cities to authorize a tax on the sale of goods or services falls within the category of powers that require state delegation. See A.C.A. §§ 14-14-806(1) (Repl. 1998) and14-43-606(a) (Repl. 1998). The specific enactment procedures under state law for levying a city or countywide sales tax must therefore be followed. Although you have not identified the statutory authority for the 1/8 cent sales tax contemplated in your question, A.C.A. §§ 26-74-207
and -307, and 26-75-207 and -307 authorize county and city sales and use taxes in the amount of, inter alia, one-eighth of one percent (0.125%) for capital improvements. Provision is also made under A.C.A. §14-174-104 (Repl. 1998) for the use of local sales tax proceeds for economic development purposes as prescribed in A.C.A. §§ 14-174-105 to -107.[2] These authorizing statutes form the most likely source of authority for the proposed 1/8 cent sales tax.
The process for levying a city or countywide sales tax under these provisions involves the calling of an election on the question of levying the tax. See, e.g., A.C.A. §§ 26-74-207 (Supp. 2001) (county sales and use tax) and 26-75-207 (Supp. 2001) (city sales and use tax). Thus, while the process for levying a local sales tax is initiated by local ordinance, the ordinance does not itself levy the tax. Accord Sanders v. County ofSebastian, 324 Ark. 433, 437, 922 S.W.2d 334 (1996). Neither the city council nor the quorum court has authority to order the levy and collection of the tax. Rather, the governing body calls an election to submit the question to the voters; and in doing so, in the words of the Arkansas Supreme Court with regard to a county ordinance calling for a sales tax election, "[the quorum court] was not enacting law[.]" Id. at 436. If there is no legislative enactment, then it must be concluded that the initiative and referendum provisions of Amendment 7 to the Constitution of Arkansas are inapplicable. It is well established that the initiative and referendum only apply to acts which are legislative in character. Chastain v. City of Little Rock, 208 Ark. 142, 185 S.W.2d 95
(1945); City of North Little Rock v. Gorman, 264 Ark. 150, 568 S.W.2d 481
(1978). Additionally, as noted above, Amendment 7 reserves to the local voters only the right to enact any law that the local legislative body could enact. See generally Tindall v. Searan, 192 Ark. 173, 90 S.W.2d 476
(1936). Because the process by which sales tax questions may be placed before the voters under the above provisions does not involve the enactment of any "local legislation," it necessarily follows, in my opinion, that the voters cannot invoke the direct initiative under Amendment 7 to levy the city or countywide sales tax.
It is my opinion that your question turns, instead, on the existence of any state statute authorizing a petition of voters with respect to the issue of levying a city or countywide sales tax. As indicated above, the levy of any city or county sales tax must be in accordance with state enabling legislation. With regard to a petition of voters for a countywide sales tax, I believe authority may be found in A.C.A. §26-74-207, which provides as follows:
 (a)(1) The county quorum courts may call an election for the levy of a county-wide sales and use tax in the amount of one-eighth of one percent (0.125%), one-fourth of one percent (0.25%), one-half of one percent (0.50%), three-fourths of one percent (0.75%), one percent (1%), or any combination thereof.
 (2) The election shall be held within one hundred twenty (120) days of the ordinance calling the election.
 (3) Each tax shall be adopted by ordinance and with the approval of the voters of the county in accordance with this subchapter.
 (b) If petitions are filed requesting an election on the question of the levy of the tax authorized under this subchapter, the quorum court shall submit the question of the levying of the tax to the electors.
The petitions must be signed by a number of the legal voters in the county which shall be no less than fifteen percent (15%) of the number of votes cast for the office of circuit clerk at the last preceding general election. The election shall be held within one hundred twenty (120) days of the filing of the petitions.
A.C.A. § 26-74-207 (Supp. 2001) (emphasis added).
The emphasized language was added by amendment in 1999. See Acts 1999, No. 1357, § 1. The title to that act clearly reflects the intent to "provide that elections shall be called with respect to certain county sales and use taxes upon petition of the legal voters of the county[.]"
Thus, in my opinion, the voters of a county may petition for an election on the question of the levying of a countywide sales and use tax under A.C.A. § 26-74-201 et seq., assuming that the quorum court could call for an election on the proposed tax.[3] Whether this subdivision alone will provide revenues for the particular economic development envisioned by those wishing to petition for a sales tax election may depend upon the specific desired project or uses. You have provided no information in this regard. Depending upon the surrounding circumstances, it is my opinion that A.C.A. § 14-174-101 et seq. may provide additional authority for such a petition of voters. This provision is more specifically addressed to the levy of sales and use taxes for economic development. Section14-174-101 states that the purpose of the subchapter is "to provide cities and counties with the authority to raise revenue for funding economic development projects to stimulate the local economy and to support private sector job creation opportunities." In accordance with §14-174-104(a), supra at n. 2, the sales tax may be levied "pursuant to any other currently existing statutory authority to levy the tax. . . ." The proceeds may then be used for economic development purposes as authorized in §§ 14-174-105 to -107. Because petitions may be filed requesting a sales tax election under § 26-74-201 et seq, (see A.C.A. §26-74-207, supra), it is my opinion that this procedure would apply under § 14-174-104, and that § 26-74-207 could provide the "primary statutory authority to levy the tax" (see § 14-174-104(b)), following an election called by petition of the voters.
With regard to city sales taxes, I have found no corresponding authority for the voters in the city to petition for an election on the initial question of levying the tax. State law does provide for resubmitting the question of the levy or the repeal of a city sales and use tax by petition of electors no earlier than six months from the date the proposition was last voted on. A.C.A. § 26-75-213 (Repl. 1997). And qualified voters may petition to abolish a sales and use tax adopted under A.C.A. § 26-75-201 et seq. or § 26-75-301 et seq. See A.C.A. §§26-75-210 and -310 (Repl. 1997). Unlike the county sales and use tax provision, however, the municipal sales tax law has not been amended to provide for elections with respect to such taxes upon petition of city electors. I must conclude that the legislature could easily have granted such petition authority to municipal voters had it so intended, particularly in light of the specific grant of authority to county voters under A.C.A. § 26-74-207, supra.
In conclusion, therefore, it is my opinion that there is statutory authority for submitting the question of levying a countywide 1/8 cent sales tax to the electors upon petition of the legal voters of the county, assuming that the quorum court would otherwise have the authority to call for an election on the particular levy. Unless it is a resubmission of a previously defeated levy, however, it is my opinion that there is no authority for the voters of a municipality to petition for a sales tax election.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
[1] Amendment 7 states that "[t]he initiative and referendum powers of the people are hereby further reserved to the local voters of each municipality and county as to all local, special and municipallegislation. . . ." Id. (Emphasis added).
[2] In accordance with A.C.A. § 14-174-104 (a), a city or county "may levy a sales or use tax pursuant to any other currently existing statutory authority to levy the tax and provide that the proceeds generated by the tax are to be used for any purpose authorized by this subchapter."
[3] The county quorum courts may call an election under this subchapter for a ¼, ½, ¾, or 1 cent countywide sales and use tax, "or any combination thereof." A.C.A. § 26-74-207 (a) (1) (Supp. 2001). Consideration must be given to any existing countywide sales taxes to determine the exact extent of the quorum court's authority in this regard.