Robert O'MARRA *v.* Michael MACKOOL, Leslie MacKool, L.J. MacKool, Pat D. MacKool, and Bank of America

04-1052                                              204 S.W.3d 49

Supreme Court of Arkansas
Opinion delivered February 24, 2005

*Baxter, Jensen, Young & Houston*, by: *Brent Houston*, for appellant.

*The Burns Law Firm, PLC*, by: *Thomas Burns*, for appellees.

JIM GUNTER, Justice. Appellant, Robert O'Marra, brings this appeal from a ruling granting appellees' motion for summary judgment in Pulaski County Circuit Court. The circuit court denied his curtesy interest after his wife, Gail O'Marra, executed a quitclaim deed and an agreed court order in favor of her ex-husband, appellee Michael MacKool. We reverse and remand.

When Michael and Gail MacKool were divorced in October 1991, the trial court gave the parties ninety days to sell the house and equally divide the proceeds. They failed to do so. In September 1992, Gail married appellant. In August 1995, she quitclaimed her interest in the home to Michael MacKool. On the same date, an agreed order was executed and approved by the signature of both Gail MacKool O'Marra and Michael MacKool. The order was signed by the Saline County Chancery Judge on December 13, 2001, and was filed on December 14, 2001.

Appellant filed a complaint on January 2, 2004, requesting that the court either set aside the quitclaim deed or distribute his allotment of curtesy interest in the property. Thereafter, appellees filed a motion for summary judgment. The trial court granted appellees' summary judgment motion, finding that the deed and agreed order conveyed all interest in the house to Michael Mac-Kool. In granting the summary judgment motion, the trial court relied on an agreed order entered in the divorce case in Saline County four years after the decree of divorce and on the quitclaim deed signed by appellee, as Gail MacKool O'Marra's husband. The trial court further found that Robert O'Marra had no curtesy interest. From this order, appellant brings his appeal.

Summary judgment should be granted only when it is clear that there are no genuine issues of material fact to be litigated, and the party is entitled to judgment as a matter of law. *Riverdale Development Co. v. Ruffin Building Systems Inc.*, 356 Ark. 90, 146

S.W.3d 852 (2004); *Craighead Elec. Coop. Corp. v. Craighead County*, 352 Ark. 76, 98 S.W.3d 414 (2003); *Cole v. Laws*, 349 Ark. 177, 76 S.W.3d 878 (2002). The burden of sustaining a motion for summary judgment is the responsibility of the moving party. *Pugh v. Griggs*, 327 Ark. 577, 940 S.W.2d 445 (1997).

Once the moving party has established a *prima facie* entitlement to summary judgment, the non-moving party must meet proof with proof and demonstrate the existence of a material issue of fact. *Id.* On appellate review, we determine if summary judgment was appropriate based on whether the evidence presented by the moving party in support of its motion leaves a material fact unanswered. *George v. Jefferson Hosp. Ass'n Inc.*, 337 Ark. 206, 987 S.W.2d 710 (1999). We view the evidence in the light most favorable to the non-moving party, resolving all doubts and inferences against the moving party. *Adams v. Arthur*, 333 Ark. 53, 969 S.W.2d 598 (1998). With this standard of review in mind, we turn to appellant's argument on appeal.

Appellant first argues that the trial court erred in granting summary judgment in favor of the appellees. Specifically, appellant argues that upon his marriage to Gail MacKool O'Marra, he became seized in the curtesy rights to the real property at issue. Appellant contends that relinquishment of curtesy rights is controlled by Ark. Code Ann. § 18-12-402 which provides:

> A married person may relinquish dower or curtesy in any of the real estate of a spouse by joining with the spouse in the deed of conveyance thereof, or by a separate instrument executed to spouse's grantee or anyone claiming title under the spouse, and acknowledging it in the manner prescribed by law.

*Id.*

We have long upheld this statutory requirement. We have held that acknowledgment of a deed, without joining in the deed, is not sufficient, *Witter v. Biscoe*, 13 Ark. 422 (1853), and that a spouse could not release dower in favor of her husband; she could only release it by *joining with the husband* in a deed to a third party. *Countz v. Markling*, 30 Ark. 17 (1875) (emphasis added); *see also Pillow v. Wade*, 31 Ark. 678 (1877). Similarly, a property-settlement agreement between the husband and wife is insufficient to convey dower rights. *Whitener v. Whitener*, 227 Ark. 1038, 304 S.W.2d 260 (1957). Conversely, we have held relinquishment

proper when the husband's deed is followed by a paragraph relinquishing dower, and then is supported by *signatures of both husband and wife. Meyer v. Gossett*, 38 Ark. 377 (1882) (emphasis added).

█ Here, on August 17, 1995, Gail O'Marra executed a quitclaim deed and an agreed order conveying her interest in the marital home to Michael MacKool. A review of this deed and order show that no such release of rights was executed by appellant. Therefore, because appellant did not join in the deed with his wife when she conveyed her interest in the property, we hold that the requirements under Ark. Code Ann. § 18-12-402 were not satisfied.

For his second point on appeal, appellant argues that the trial court erred in finding that an agreed order, which was entered some ten years later, modified the original divorce decree. Specifically, appellant argues that Ark. R. Civ. P. 60(a) and (c) bar the present modification of the original divorce decree. Appellees claim that Ark. R. Civ. P. 60 does not apply because Gail O'Marra and Michael MacKool agreed to the modification and that the argument is barred by *res judicata* and collateral estoppel. We agree with the appellant.

Arkansas Rule of Civil Procedure 60(a) provides that a "court may modify or vacate a judgment, order or decree on motion of the court or any party, with prior notice to all parties *within ninety days* of its having been filed with the clerk." *Id.* (emphasis added). Arkansas Rule of Civil Procedure 60(c) provides the grounds for setting aside a judgment, other than a default judgment, after ninety days. The court may vacate or modify such judgment or order:

(1) By granting a new trial where the grounds therefore were discovered after the expiration of ninety (90) days after the filing of the judgment, or, where the ground is newly discoverable evidence which the moving party could not have discovered in time to file a motion under Rule 59(b). . . [.]

(2) By a new trial granted in proceedings against defendants constructively summoned, and who did not appear. . . [.]

(3) For misprisions of the clerk.

(4) For misrepresentation or fraud (whether heretofore denominated intrinsic or extrinsic) by an adverse party.

(5) For erroneous proceedings against an infant or person of unsound mind where the condition of such defendant does not appear in the record, nor the error in the proceedings.

(6) For the death of one of the parties before the judgment in the action.

(7) For errors in a judgment shown by an infant within twelve (12) months after reaching the age of eighteen (18) years, upon a showing of cause.

*Id.*

■ After the expiration of ninety days, without meeting one of the above exceptions, a court has no power to modify or set aside an order. *Blackwood v. Floyd*, 342 Ark. 498, 29 S.W.3d 694 (2000); *See West v. Belin*, 314 Ark. 40, 858 S.W.2d 97 (1993); *Hayden v. Hayden*, 291 Ark. 582, 726 S.W.2d 287 (1987).

■ In the present case, no exceptions are raised and fraud is not pled. Four years passed from the order granting divorce to the execution of the deed and six more years passed before the deed was filed of record. Regardless of the consent given by Gail O'Marra and Michael MacKool, the Saline County Court was without authority to enter the agreed order.

■ Now we address appellees' claim that appellant's Rule 60 argument is barred by *res judicata* and collateral estoppel. *Res judicata* is claim preclusion, and collateral estoppel is issue preclusion. *Carwell Elevator Co. Inc. v. Leathers*, 352 Ark. 381, 101 S.W.3d 211 (2003); *Huffman v. Alderson*, 335 Ark. 411, 983 S.W.2d 899 (1998). "Under claim preclusion, a valid and final judgment rendered on the merits by a court of competent jurisdiction, bars another action by the plaintiff or his privies against the defendant or his privies on the same claim." *Leathers, supra* (citing *Huffman, supra*). Thus, where a case arises from the same events as a previous lawsuit, *res judicata* applies even if the case raises new legal issues and seeks dissimilar remedies. *Id.* However, "[t]he doctrine of *res judicata* applies against a party only when the party had a fair and full opportunity to litigate the issues in question." *Leathers, supra.*

■ Collateral estoppel, or issue preclusion, bars relitigation of issues. *Zinger v. Terrell*, 336 Ark. 423, 985 S.W.2d 737 (1999); *Crockett & Brown v. Wilson*, 314 Ark. 578, 864 S.W.2d 244

(1993). Four elements are necessary to establish collateral estoppel: (1) the issue sought to be precluded must be the same as that involved in the prior litigation; (2) the issue must have been actually litigated; (3) the issue must have been determined by a final and valid judgment; and (4) the issue must have been essential to the judgment. *Edwards v. State*, 328 Ark. 394, 943 S.W.2d 600 (1997); *Beaver v. Hammons Hotels L.P.*, 355 Ark. 359, 138 S.W.3d 664 (2003)(citing *Looney v. Looney*, 336 Ark. 542, 986 S.W.2d 858 (1999)); *Fisher v. Jones*, 311 Ark. 450, 884 S.W.2d 954 (1993).

In the case at bar, neither claim preclusion nor issue preclusion prevents appellant's lawsuit, because the appellant was not a party to the original divorce case. Similar to the court's analysis in *Leathers*, appellant has not had a "fair and full opportunity to litigate" the curtesy issue. First, the pertinent issue in the divorce decree concerns the disposition of the marital home. The issue sought to be precluded here is not the same as that involved in prior litigation, and the decree did not involve Mr. O'Marra's present curtesy interest. Next, Mr. O'Marra's curtesy issue has not previously been litigated. Finally, the requirements of a final and valid judgment and that the determination must have been essential to the judgment do not apply in this case because the curtesy issue was never litigated.

Based upon the foregoing conclusions, as well as our standard of review on summary judgment motions, we hold that the there remains a genuine issue of material fact to be litigated. Accordingly, we reverse and remand for the resolution of the curtesy issue.