MBNA AMERICA BANK, N.A. *v.* Deborah K. BLANKS

CA 06-1396                                    262 S.W.3d 618

Court of Appeals of Arkansas
Opinion delivered September 19, 2007

*Mac Golden*, for appellant.

*Gill Elrod Owen & Sherman, P.A.*, by: *Drake Mann*, for appellee.

DAVID M. GLOVER, Judge. This appeal concerns the denial of appellant MBNA's Petition and Application to Confirm Arbitration Award against appellee Deborah Blanks. We affirm the trial court's denial of confirmation.

When filing its confirmation petition in the trial court, MBNA attached an arbitration award dated October 4, 2004, from National Arbitration Forum awarding MBNA $11,335.59 and a document entitled "Important Amendments to Your Credit Card Agreement." On the arbitration award, there was an acknowledgment and certificate of service stating that a copy of the award had been sent by first-class mail postage prepaid to the parties at their referenced addresses on October 4, 2004.

The amendment to the credit card agreement stated in pertinent part:

> As provided in your Credit Card Agreement and under Delaware law, we are amending the Credit Card Agreement to include an Arbitration Section. Please read it carefully because it will affect your right to go to court, including any right you may have to have a jury trial. Instead, you (and we) will have to arbitrate claims. You may choose not to be subject to this Arbitration Section by following the instructions at the end of this notice. This Arbitration Section will become effective on February 1, 2000. The Arbitration Section reads:

**Arbitration**: Any claim or dispute ("Claim") by either you or us against the other, or against the employees, agents, or assigns of the other, arising from or relating in any way to this Agreement or any prior Agreement or your account (whether under a statute, in contract, tort, or otherwise and whether for money damages, penalties or declaratory or equitable relief), including Claims regarding the applicability of the Arbitration Section or the validity of the entire Agreement or any prior Agreement, shall be resolved by binding arbitration.

The arbitration shall be conducted by the National Arbitration Forum ("NAF"), under the Code of Procedure in effect at the time the claim is filed. . . . If the NAF is unable or unwilling to act as arbitrator, we may substitute another nationally recognized, independent arbitration organization that uses a similar code of procedure. . . . Any arbitration hearing at which you appear will take place within the federal judicial district that includes your billing address at the time the Claim is filed. This arbitration agreement is made pursuant to a transaction involving interstate commerce, and shall be governed by the Federal Arbitration Act, 9 U.S.C. §§ 1-16 ("FAA"). Judgment upon any arbitration award may be entered in any court having jurisdiction. The arbitrator shall follow existing substantive law to the extent consistent with the FAA and applicable statutes of limitations and shall honor any claims or privilege recognized by law. . . .

. . . .

THE RESULT OF THIS ARBITRATION SECTION IS THAT, EXCEPT AS PROVIDED ABOVE, CLAIMS CANNOT BE LITIGATED IN COURT, INCLUDING SOME CLAIMS THAT COULD HAVE BEEN TRIED BEFORE A JURY, AS CLASS ACTIONS OR AS PRIVATE ATTORNEY GENERAL ACTIONS.

*If you do not wish your account to be subject to this Arbitration Section, you must write to us at MBNA America, P.O. Box 15565, Wilmington, DE 19850. Clearly print or type your name and credit card account number and state that you reject this Arbitration Section. You must give notice in writing; it is not sufficient to telephone us. Send this notice only to the address in this paragraph; do not send it with a payment. We must receive your letter at the above address by January 25, 2000 or your rejection of the Arbitration Section will not be effective.*

In response to the Petition and Application to Confirm Arbitration Award, Blanks filed a Motion to Dismiss, arguing that the trial court's jurisdiction was "premised upon the existence of a written agreement between the parties to submit to arbitration a controversy that arises after entering the written agreement," that MBNA had failed to attach the signed credit-card agreement upon which it relied upon for its claim as required by Rule 10(d) of the Arkansas Rules of Civil Procedure, and that dismissal was proper for failure to state facts upon which relief could be granted. Blanks simultaneously filed a Motion to Vacate, alleging that she did not enter into a written agreement to submit to arbitration; that she did not receive notice of the initiation of the arbitration proceeding; and that she did not participate in the arbitration hearing and therefore could not have participated in the arbitration hearing without raising an objection. MBNA then filed a "Motion to Dismiss or in the Alternative Motion for Summary Judgment and Brief in Support," alleging that modification to an arbitration award must be made within twenty days after delivery of the award to the defendant; that written notice of the award was sent by the arbitrator to Blanks on October 4, 2004; that more than twenty days had expired since the arbitration award had been delivered to Blanks and it therefore could not be modified, amended, or corrected; and that an application to vacate an award was not filed within ninety days after delivery of a copy of the award and therefore Blanks was not entitled to vacate the award.

At the hearing, when asked by the trial court if the arbitration award was sent by certified mail to Blanks, counsel for MBNA stated that the arbitration award was sent by first-class mail to the address where MBNA sent Blanks's credit-card statements. MBNA's counsel also stated that Blanks had been sent notice of the arbitration request and that she did not present an argument to the arbitrator. At the close of the hearing, the trial court stated, "I just have a bad feeling about this and I am going to deny the motion for summary judgment and the petition to confirm the arbitration award." The order states, "1. Plaintiff's Motion for Summary Judgment is denied. 2. Plaintiff's Petition and Application to Confirm Arbitration Award is denied." On appeal, MBNA argues that the trial court erred in denying the petition to confirm the arbitration award rendered in MBNA's favor and requests reversal of the trial court's decision with a remand directing entry of a judgment confirming the award. We affirm the denial of the confirmation of the arbitration award.

■ At the outset, Blanks argues that this court has no jurisdiction because a denial of summary judgment is not an appealable order. However, MBNA is appealing from the denial of its petition to confirm the arbitration award, not from the denial of its motion for summary judgment. An order denying a petition to confirm an arbitration award is appealable under Arkansas Code Annotated section 16-108-219(a)(4) (Repl. 2006), and Rule 2(a)(12) of the Arkansas Rules of Appellate Procedure–Civil. Therefore, this court has jurisdiction to address MBNA's argument.

We hold that the controlling case in this matter is *Danner v. MBNA America Bank, N.A.*, 369 Ark. 435, 255 S.W.3d 863 (2007), alluded to by MBNA in its reply brief as not decided prior to the briefs being due in this case. *Danner* concerns the exact same arbitration amendment that is the subject of this appeal. In that case, the trial court granted summary judgment to MBNA and confirmed the arbitration award that had been issued in favor of MBNA. Our supreme court reversed and remanded the case to the trial court.

In *Danner*, our supreme court held that the Federal Arbitration Act, not the Arkansas Uniform Arbitration Act, was applicable in the case because the transaction involved interstate commerce, and that sections two and twelve of the FAA, found at 9 U.S.C. §§ 2 and 12 (2000), were the sections relevant to the appeal:

> § 2. Validity, irrevocability, and enforcement of agreements to arbitrate
>
> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2 (2000).

> § 12. Notice of motions to vacate or modify; service; stay of proceedings
>
> Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months

after the award is filed or delivered. If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court. If the adverse party shall be a nonresident then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court. For the purposes of the motion any judge who might make an order to stay the proceedings in an action brought in the same court may make an order, to be served with the notice of motion, staying the proceedings of the adverse party to enforce the award.

As in the case at bar, Danner did not challenge the arbitrator's award until MBNA sought confirmation, which was more than ninety days after the award was issued, but she argued that she was not required to do so within three months after the award was filed or delivered because she disputed entering into an arbitration agreement, because she did not participate in the arbitration, and because MBNA failed to provide proof that she had actually received notice of the award. Our supreme court, citing *MCI Telecommunications Corp. v. Exalon Industries, Inc.*, 138 F.3d 426 (1st Cir. 1998), held that the time limit imposed by 9 U.S.C. § 12 was not triggered unless there was a written agreement to arbitrate, that there was a fact issue as to whether there was such a written agreement between MBNA and Danner, and that the circuit court erred in granting summary judgment to MBNA. The supreme court then reversed and remanded the case to the trial court for determination of whether there was a written agreement to arbitrate between Danner and MBNA.

■ Although *Danner* concerns a grant of confirmation of an arbitration award and the present case involves the denial of such an award, we still find *Danner* instructive in this case. In the present case, MBNA did not present evidence of a written agreement between MBNA and Blanks to arbitrate. Rather, MBNA presented only a document that purported to amend a credit-card agreement to allow arbitration. MBNA never presented the entire agreement from which a trial court could ascertain that Blanks had entered into a written agreement with MBNA that allowed amendments to it. Based upon *Danner*, the three-month time limit to file a motion to vacate, modify, or correct an award under 9 U.S.C. § 12 is not triggered unless there is a written agreement to arbitrate; therefore, MBNA is incorrect in its assertion that Blanks

was time barred from objecting to the arbitration award. Furthermore, because MBNA did not show that there was a written agreement between it and Blanks to arbitrate, we hold that the trial court did not err in denying MBNA's petition to confirm the arbitration award.

Affirmed.

ROBBINS and BAKER, JJ., agree.