## MBNA AMERICA BANK, N.A. *v.* Jack G. GILBERT

CA 06-1324                                                    266 S.W.3d 229

Court of Appeals of Arkansas
Opinion delivered October 31, 2007

*Law Office of Stephen P. Lamb*, by: *Mac Golden*, for appellant.

*Jenkins Law Firm, PLLC*, by: *Kevin R. Holmes*, for appellee.

LARRY D. VAUGHT, Judge. After an arbitrator awarded $10,816.95 in favor of appellant MBNA America Bank and against pro se appellee Jack G. Gilbert, MBNA filed a petition and application to confirm the arbitration award in the Circuit Court of Crawford County. Following a hearing, the trial court entered an order denying MBNA's petition, from which MBNA appeals. We reverse the trial court's denial of the confirmation and remand to confirm the award.

The dispute between the parties concerns Gilbert's failure to arbitrate any future dispute on his MBNA credit card. MBNA alleges that Gilbert was required to arbitrate any future dispute based upon a mailed amendment to the original credit-card agreement. The relevant language of the amendment states:

> As provided in you Credit Card Agreement and under Delaware law, we are amending the Credit Card Agreement to include an

Arbitration Section. Please read it carefully because it will affect your right to go to court, including any right you may have to have a jury trial. Instead, you (and we) will have to arbitrate claims. You may choose not to be subject to this Arbitration Section by following the instructions at the end of this notice. This Arbitration Section will become effective on February 1, 2000. This Arbitration Section reads:

Arbitration: Any claim or dispute ("Claim") by either you or us against the other, or against the employees, agents or assigns of the other, arising from or relating in any way to this Agreement or any prior Agreement or your account (whether under a statute, in contract, tort, or otherwise and whether for money damages, penalties or declaratory or equitable relief), including Claims regarding the applicability of this Arbitration Section or the validity of the entire Agreement or any prior Agreement, shall be resolved by binding arbitration.

The arbitration shall be conducted by the National Arbitration Forum ("NAF"), under the Code of Procedure in effect at the time the claim is filed. . . . Any arbitration hearing at which you appear will take place within the federal judicial district that includes your billing address at the time the Claim is filed. This arbitration agreement is made pursuant to a transaction involving interstate commerce, and shall be governed by the Federal Arbitration Act, 9 U.S.C. §§ 1-16 ("FAA"). Judgment upon any arbitration award may be entered in any court having jurisdiction. . . .

THE RESULT OF THIS ARBITRATION SECTION IS THAT, EXCEPT AS PROVIDED ABOVE, CLAIMS CANNOT BE LITIGATED IN COURT, INCLUDING SOME CLAIMS THAT COULD HAVE BEEN TRIED BEFORE A JURY, AS CLASS ACTIONS OR AS PRIVATE ATTORNEY GENERAL ACTIONS.

*If you do not wish your account to be subject to this Arbitration Section, you must write to us at MBNA America, P. O. Box 15565, Wilmington, DE 19850. Clearly print or type your name and credit card account number and state that you reject this Arbitration Section. You must give notice in writing; it is not sufficient to telephone us. Send this notice only to the address in this paragraph: do not send it with a payment. We must receive your letter at the above address by January 25, 2000 or your rejection of the Arbitration Section will not be effective.*

After the dispute over payment arose, MBNA submitted a claim to arbitration, and on June 29, 2004, the arbitrator awarded MBNA $10,816.95. On September 28, 2005, MBNA filed a petition with the circuit court seeking to confirm the award. Gilbert responded, alleging among other things that he never entered into an arbitration agreement with MBNA. MBNA subsequently filed a motion for summary judgment.

At the hearing on MBNA's motion for summary judgment, MBNA argued that it was entitled to judgment as a matter of law pursuant to Arkansas Code Annotated section 16-108-211, which provides that the trial court shall confirm an arbitration award unless the defendant has filed a petition to vacate, modify, or correct the award within ninety days of its issuance. Ark. Code Ann. § 16-108-211 (Repl. 2006). Because it is undisputed that Gilbert received notice of the arbitration award and did not file such a petition within the applicable time period, MBNA argued, the trial court should confirm the award. In response, Gilbert contended that there was no written arbitration agreement, that he never agreed to arbitration, and that he did not attend the arbitration. Following the hearing, the circuit court entered an order denying MBNA's petition to confirm the arbitration award. On appeal, MBNA requests reversal of the trial court's decision with a remand directing entry of a judgment confirming the award.

MBNA's appeal of the trial court's order denying the petition to confirm the arbitration award is appealable under Rule 2(a)(12) of the Rules of Appellate Civil Procedure and Arkansas Code Annotated section 16-108-219. Therefore, we have jurisdiction to address MBNA's argument.

The case at bar is the third in a series of cases recently presented to Arkansas's appellate courts involving MBNA and their efforts to have arbitration awards entered pursuant to a mailed amendment[1] to an original credit-card agreement confirmed in circuit court. See Danner v. MBNA Am. Bank, 369 Ark. 435, 255 S.W.3d 863 (2007); MBNA Am. Bank v. Blanks, 100 Ark. App. 8, 262 S.W.3d 618 (2007).

In Danner, MBNA petitioned the trial court seeking to confirm an arbitration award, arguing that Danner had failed to timely challenge the award. Danner, 369 Ark. at 437, 255 S.W.3d at 865. In response, Danner admitted that she did not timely

---

[1] Danner, Blanks, and the case at bar discuss the identical arbitration amendment.

challenge the award, but she alleged that she was not required to do so because she disputed the existence of the arbitration agreement and did not participate in arbitration. *Id.* The trial court granted summary judgment in MBNA's favor and confirmed the award. *Id.*

On review, our supreme court first noted that the Arkansas Uniform Arbitration Act did not apply, but rather the Federal Arbitration Act applied because the transaction involved interstate commerce. *Id.* The court then cited to section 2 of the FAA, which provides:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2 (2000). The court next cited to section 12 of the FAA, which provides: "Notice of a motion to vacate, modify, or correct an [arbitration] award must be served upon the adverse party or his attorney within three months after the award if filed or delivered. . . ." 9 U.S.C. § 12 (2000).

Based on these statutes, our supreme court held that the time limit imposed by section 12 of the FAA is not triggered unless there is a written agreement to arbitrate.[2] *Danner*, 369 Ark. at 441, 255 S.W.3d at 868. "If there is no [arbitration] agreement, the actions of the arbitrator have no legal validity." *Id.* Our supreme court further held that there was an issue of fact as to whether such an agreement existed between Danner and MBNA, and therefore, the trial court erred in granting summary judgment in favor of MBNA. *Id.* Accordingly, the *Danner* court reversed and remanded

---

[2] The *Danner* court also relied heavily upon a decision handed down by the First Circuit Court of Appeals, *MCI Telecommunications Corp. v. Exalon Indus., Inc.*, 138 F.3d 426 (1st Cir. 1998), which held that the time limits provided by section 12 of the FAA, regarding the vacation, modification, or correction of an award, do not prevent a party who did not participate in an arbitration proceeding from challenging the validity of the award at the time of its enforcement on the basis that no written agreement to arbitrate existed between the parties.

the case to the trial court to determine whether a written agreement to arbitrate existed between the parties. *Id.*

The facts of *Blanks* are nearly identical to those in *Danner.* At the trial-court level, MBNA sought confirmation of an arbitration award against Blanks. Blanks, like Danner, did not challenge the arbitration award until after the FAA's three-month time period lapsed but argued that she was not required to make such a challenge because she did not enter into a written arbitration agreement with MBNA and she did not participate in the arbitration hearing. *Blanks,* 100 Ark. App. at 11. The trial court denied MBNA's petition to confirm the arbitration award, and MBNA appealed.

On review, our court held that *Danner* was controlling and because MBNA did not present evidence of a written agreement to arbitrate between MBNA and Blanks (only a document that purported to amend a credit-card agreement to require arbitration), the three-month time limit to file a motion to vacate, modify, or correct an award under 9 U.S.C. § 12 was not triggered. *Blanks,* 100 Ark. App. at 13. Accordingly, we held that the trial court did not err in denying MBNA's petition to confirm the arbitration award and affirmed. *Blanks,* 100 Ark. App. at 14.

The facts in the case at bar are very similar to those in *Danner* and *Blanks.* In the instant case, like Danner and Blanks, Gilbert admitted that he did not formally challenge the arbitrator's award within three months of its issuance. Also, like Danner and Blanks, Gilbert has consistently maintained that he did not enter into a written agreement to arbitrate with MBNA. Indeed, there is no written agreement to arbitrate (signed by the parties) in the record. MBNA's sole point of proof was the amendment to the original card-holder's agreement.

However, one critical factual distinction between the instant case and *Danner* and *Blanks* is that Danner and Blanks both contended that they did not participate in the arbitration, and there was no evidence to the contrary. Here, there is evidence that Gilbert, who represented himself throughout these proceedings, participated in arbitration. Gilbert stated in his response to the petition to confirm the arbitration award that he filed a written response to the arbitrator. Also, the arbitration award stated that Gilbert "filed a response with the Forum and served it on the Claimant." While Gilbert's response is not in the record, it is

apparent that he did participate in the arbitration, at least to the extent that he was on notice of the proceeding.[3]

What we are left with is a record that reflects that Gilbert participated in arbitration; that the arbitration award was sent to Gilbert on June 29, 2004; and that Gilbert acknowledged receipt of the award by sending a letter on July 21, 2004, to MBNA objecting to it. The record further reflects that Gilbert did not petition the court to set aside the award within ninety days as required by section 12 of the FAA. Because Gilbert failed to comply with section 12 and because the participated in arbitration, he thereby waived any defenses he may have had. *See MCI Telecommunications*, 138 F.3d at 430-31 (stating that "it seems reasonable to conclude that participation in the litigation of the merits of a controversy before an arbitration panel, at the very least binds the party to the procedural requirements [i.e., the time requirements of section 12 of the FAA] that emanate from that process."). Accordingly, based on the record before us now, we hold that the arbitration award was valid on its face, that Gilbert participated in the arbitration, that he failed to challenge the award within ninety days, and that the trial court erred by denying confirmation of the award. We therefore reverse the trial court's order denying MBNA's petition and application to confirm the arbitration award. We further direct that, on remand, the trial court grant MBNA's petition.

Reversed and remanded.

GLOVER and HEFFLEY, JJ., agree.

---

[3] Gilbert argued below and repeats here that he raised the issue of lack of an arbitration agreement to the arbitrator; that he had no voice in the selection of the arbitrator; and that he was not permitted to attend the arbitration in person. These objections/defenses to arbitration may have been considered by the arbitrator; however, without Gilbert's response in the record neither the trial court nor this court can actually ascertain what Gilbert argued. All we have to look to is the arbitration award, which stated that the "Parties have had the opportunity to present all evidence and information to the Arbitrator." More importantly, it failed to address any of Gilbert's alleged objections/defenses.